UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE SORIANO on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF NEW HAVEN,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Michelle Soriano ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant University of New Haven (the "University" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1. This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 Semester at the University of New Haven, and who, because of the university's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees were paid, without having their tuition and fees refunded to them.

2. University of New Haven is a large private university, with an enrollment of approximately 7,000 students. The university offers more than 58 degree options for undergraduate students as well as more than 47 graduate and certificate programs. The University also operates an online program with at least six degree programs.

3. On March 9, 2020, the University of New Haven, via an email from President

Steven H. Kaplan, announced that because of the global COVID-19 pandemic, all in-person classes would be suspended effective immediately. The announcement informed students that all classes would instead be held remotely through online formats.

4. Since March 9, 2020, the University has not held any in-person classes. Classes that have continued have only been offered in an online format, with no in-person instruction.

5. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Ms. Soriano and the putative class contracted and paid for. The online learning options being offered to University of New Haven students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique. The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

6. Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided. Even if the University of New Haven claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

7. Through this lawsuit Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 Semester when classes moved online and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

## PARTIES

8. Plaintiff Michelle Soriano is a citizen of Connecticut who resides in Stamford, Connecticut. Ms. Soriano is an graduate student at the University of New Haven studying public adminstration. Ms. Soriano paid approximately $5,908 in tuition and fees to Defendant for the Spring 2020 Semester. She has not been provided a refund of any tuition monies paid, despite the fact that in-person classes have not been held since March 9, 2020.

9. Defendant University of New Haven is a private institution of higher learning with its principal place of business located at 300 Boston Post Rd, West Haven, CT 06516.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

11. This Court has personal jurisdiction over Defendant because many of the acts and transactions giving rise to this action occurred in this District, because Defendant conducts substantial business in this District, and because Defendant's principal place of business is located in this District.

12. Venue is proper in this Court pursuant to 28. U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, because Plaintiff is a resident of the District, and because Defendant's principal place of business is located in this District.

## FACTUAL ALLEGATIONS

*<u>Plaintiff And Class Members Paid Tuition And Fees For The Spring 2020 Semester</u>*

13.  Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring 2020 Semester at the University of New Haven.

14.  Spring 2020 classes at the University began on or about January 22, 2020 and final examinations were scheduled to end on or about May 13, 2020.

15.  Plaintiff and Class members paid the cost of tuition for the Spring 2020 Semester. They also paid other mandatory fees associated with the Spring 2020 Semester, including a technology fee and a student fee.

16.  Approximate tuition costs at the University of New Haven for the Spring 2020 Semester are as follows:

- Full-time undergraduate student (12-17 credits):  $19,500
- Part-time undergraduate student:  $1,300 per credit
- Graduate student:  $940 per credit

17.  Fees paid by or on behalf of University of New Haven students vary based on program of study.  By way of example, the general student fee for full-time undergraduate students for the Spring 2020 Semester is $720, while the same fees for part-time undergraduate students, full-time graduate students, and part-time graduate students are $145, $115, and $95, respectively.  Additionally, there are $80 per credit fees associated with engineering, computer science, and chemistry courses.  Students are required to pay additional fees for services such as physical activity and musical instruction, the benefits for which they have been deprived as a result of the cancellation of in-person instruction.  Some Class members also purchased parking passes for the Spring 2020 Semester at a cost of $200, which also have not been refunded even though the parking services are no longer available to them.

18. The tuition and fees described in the paragraphs above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

### *In Response To COVID-19, The University Of New Haven Closed Campuses And Cancelled All In-Person Classes*

19. On March 9, 2020, the University of New Haven, via an email from President Steven H. Kaplan, announced that because of the global COVID-19 pandemic, all in-person classes would be suspended. The announcement informed students that all classes would instead be held remotely through online formats.

20. Since March 9, 2020, University of New Haven has not held any in-person classes. Classes that have continued have only been offered in an online format, with no in-person instruction. Even classes for students with concentrations in areas where in-person instruction is especially crucial (such as art, athletic training, coaching, music, engineering, and the sciences) have only had access to minimum online education options.

21. As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for. Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

22. The online learning options being offered to University of New Haven students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

23. The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for. The remote education being provided is not even remotely worth the amount charged class members for tuition for the Spring 2020 Semester.

24. The University of New Haven markets its campus experience as a benefit of enrollment on the university website, touting the on-campus facilities including the Academic Center, Science Center, and many gathering places:

> **"Impossible to be Bored"**
>
> We're about more than just academics at the University of New Haven. Visit the vibrant campus, and you'll find a remarkable campus community and an activity for every interest.
>
> From the more than 150 student organizations to the thousands of campus events held each year to the University's competitive Division II athletics program – featuring teams perennially competing for championships – there are a multitude of activities to help you immerse yourself in Charger Nation and to enable you to take part in the complete University of New Haven experience.
>
> Just ask the students. In the University of New Haven's profile in *The 2018 Princeton Review*, a student said, "It is absolutely impossible to be bored, because there is always something to do." Another student said, "Every student is involved."
>
> The life you lead outside of the classroom is just as vital to your college experience as your coursework – and studies have proven it. Student life at the University of New Haven will help you take big steps in your career, explore your interests, have fun along the way, and develop friendships, that will last your entire life.

25. University of New Haven students paid a higher price for an in-person education than they would have paid for an online education. This is illustrated clearly by the price difference in the University's in-person, on-campus programs versus the University's own online learning programs. By way of example, the University charges a general student fee for graduate

students for Spring Semester 2020. The University also offers online programs in several graduate subjects several—students pursuing the same degrees online are not required to pay these student fees.

26. Through this lawsuit Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 Semester when classes moved online and campus services ceased being provided. Plaintiff seeks return of these amounts on behalf of herself and the Class as defined below.

## CLASS ALLEGATIONS

27. Plaintiff seeks to represent a class defined as all people who paid the University of New Haven tuition and/or fees for in-person educational services that the University of New Haven failed to provide during the Spring 2020 Semester, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

28. Plaintiff also seeks to represent a subclass consisting of Class members who reside in Connecticut (the "Subclass").

29. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

30. **Numerosity.** The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class and Subclass. Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

31. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

(b) whether Defendant has provided the services for which Class and Subclass members contracted;

(c) whether Class and Subclass members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide;

(d) whether Defendant has unlawfully converted money from Plaintiff, the Class and Subclass; and

(d) whether Defendant is liable to Plaintiff, the Class, and Subclass for unjust enrichment.

32. **Typicality.** Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein. Further, there are no defenses available to Defendants that are unique to Plaintiff.

33. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

34. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

35. In the alternative, the Class and Subclass may also be certified because:

(a) the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b) the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Breach Of Contract
### (On Behalf Of The Class And Subclass)

36. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

37. Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendants.

38. Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class and Subclass entered into a binding contract with Defendant.

39. As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above. Plaintiff, Class, and Subclass members fulfilled their end of the bargain when they paid monies due for the Spring 2020 Semester. Tuition for the Spring 2020 Semester was intended to cover in-person educational services from January through May 2020. In exchange for tuition monies paid, Class

and Subclass members were entitled to in-person educational services through the end of the Spring 2020 Semester.

40. Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above. Defendant has retained monies paid by Plaintiff and the Spring 2020 Semester tuition and fees, without providing them the benefit of their bargain.

41. Plaintiff and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

42. As a direct and proximate result of Defendant's breach, Plaintiff, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver. Defendant should return the pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since the University of New Haven shut down on March 9, 2020.

43. Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided. Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

### COUNT II
**Unjust Enrichment**
**(On Behalf Of The Class And Subclass)**

44. Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

45.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

46.     Plaintiff and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring 2020 Semester tuition and other fees in exchange for certain service and promises.  Tuition for Spring 2020 Semester was intended to cover in-person educational services from January through May 2020.  In exchange for tuition monies paid, Class members were entitled to in-person educational services through the end of the Spring 2020 Semester.

47.     Defendant voluntarily accepted and retained this benefit by accepting payment.

48.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.  Accordingly, Defendant should return the pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since the University of New Haven shut down on March 9, 2020.

49.     It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

## COUNT III
### Conversion
**(On Behalf Of The Class And Subclass)**

50.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

51.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

52. Plaintiff and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring 2020 Semester tuition and fee payments to Defendant.

53. Defendant intentionally interfered with the rights of Plaintiff, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

54. Plaintiff and members of the Class and Subclass demand the return of the pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since the University of New Haven shut down on March 9, 2020.

55. Defendant's retention of the fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff, Class and Subclass members of the benefits for which the tuition and fees paid.

56. This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

57. Plaintiff, Class, and Subclass members are entitled to the return of pro-rated portion of any Spring 2020 Semester tuition and fees for education services not provided since the University of New Haven shut down on March 9, 2020.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

(a) For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass;

(b) For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

(c) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief;

(f) For injunctive relief as pleaded or as the Court may deem proper; and

(g) For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demand a trial by jury of any and all issues in this action so triable of right.

Dated: May 13, 2020                                Respectfully submitted,

**REARDON SCANLON LLP**

By:   */s/ James J. Reardon, Jr.*
        James J. Reardon, Jr.

James J. Reardon, Jr. (CT 13802)
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
Email:  james.reardon@reardonscanlon.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot *(pro hac vice* app. forthcoming*)*
2665 S. Bayshore Drive, Suite 220
Miami, FL 33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
Email: swestcot@bursor.com

*Attorneys for Plaintiff*